IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARLON ELLIS,

    Petitioner,

v.                                                 Civ. No. 08cv0120 RB/RLP

ROBERT ULIBARRI, Warden, *et al.*,

    Respondents.

MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

    1.     This is a proceeding brought pursuant to 28 U.S.C. § 2254. After a jury trial, Petitioner was convicted of three counts of attempting to evade or defeat tax in *State v. Ellis*, CR-02996-303 GLC. Judgment was entered on July 12, 2007 and Petitioner was sentenced to 15 years' imprisonment, with 10 years suspended. Answer [Doc. 11], Exhibit A thereto.

    2.     Petitioner filed a direct appeal of his conviction and that issue apparently remains before the New Mexico Court of Appeals. *See* Exhibit BB. Prior to that notice of appeal, however, Petitioner filed numerous motions to have new counsel appointed to represent him and to have his bail reduced pending appeal. *See* Exhibits D-J; K, S, U, Y and DD.

    3.     The claims raised in the current § 2254 petition are (1) ineffective assistance of counsel; and (2) excessive bail pending appeal. Respondents concede exhaustion,

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

which is unfortunate as to the claim of excessive bail -- a claim never presented to the state courts as a federal constitutional violation, Exhibit Q. *See Picard v. Connor*, 404 U.S. 270, 275-78 (1971).[2]  In any event, the Court finds that Petitioner's claim of excessive bail should be denied.

4.      The Tenth Circuit Court of Appeals has found that the Eighth Amendment's excessive bail provision applies to the states through the Fourteenth Amendment. *See Meechaicum v. Fountain*, 696 F.2d 790, 791 (10th Cir. 1983). However, the instant case is one in which Petitioner seeks bail pending appeal, not bail prior to trial. This issue was addressed by the court in *Garson v. Perlman*, -- F.Supp.2d--, 2008 WL 54164 (E.D.N.Y. 2008). After a thorough historical discussion, the court found that "there was no right to bail pending appeal when the framers drafted the Bill of Rights. It thus appears that when they included the Excessive Bail Clause in the Eighth Amendment, they were addressing pre-trial bail, and the Excessive Bail Clause, if it is applicable to the states at all does not address and therefore does not encompass bail pending appeal." *Id.* at --, 2008 WL 54164, *11.

5.      In *Hamilton v. State*, 479 F.2d 343 (10th Cir. 1973), the court held that a "state prisoner has no absolute federal constitutional right to bail pending appeal." *Id.* at 344. In that case, the court did not address whether the petitioner might have a Fourteenth Amendment claim, *i.e.*, whether bail pending appeal was denied arbitrarily or unreasonably. *See Hoover v. Golder*, 2006 WL 1083601, *2 (D. Colo. 2006 (unpublished decisions) (citing *Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir. 1979).

---

[2] Moreover, it appears that Petitioner did not properly file his appeal concerning the excessive bail, another indication that the claim was not exhausted. Exhibit JJ.

6.       In New Mexico a court "*may* establish conditions of release pending appeal." 2008 Rule 5-402 NMRA (emphasis added).  This provision is discretionary and there is nothing submitted by Petitioner, or located in the record, to indicate that the trial court acted arbitrarily or unreasonably.  "Federal courts do not sit as appellate courts to review the use or abuse of discretion of state courts in granting or withholding bail pending final appeal." *Hamilton*, 479 F.2d at 344.  This claim is therefore denied.

7.       Petitioner's claim of ineffective assistance of counsel is barely addressed in his federal petition.  *See* Petition, ¶¶ 8, 10-11.  To prevail on a claim of ineffective assistance of counsel, the Petitioner must show both that counsel's performance was deficient and that but for the deficient performance the results would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong.  *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997).

7.       As indicated earlier, the New Mexico Court of Appeals (COA) reached the merits of Petitioner's ineffective assistance claim.  Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA),

> a federal court may not grant habeas relief on a claim adjudicated on the merits in state court unless the state court decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).  State court fact findings are presumed correct unless the petitioner rebuts them by clear and convincing evidence.

*Mitchell v. Gibson*, 262 F.3d 1036, 1045 (10th Cir. 2001).

8.      The COA's Memorandum Opinion, Exhibit BB, addresses Petitioner's ineffective assistance of counsel claims and utilizes the same analysis as set forth in *Strickland*.  Its decision is not contrary to *Strickland*, nor does it involve an unreasonable application of that case.   Petitioner raises no new claims in his federal petition and does not rebut the COA's findings; therefore, this claim also fails.

## RECOMMENDED DISPOSITION

I recommend that the petition for writ of habeas corpus be denied.

                                                                                     /s/ Richard L. Puglisi
                                                                                     Richard L. Puglisi
                                                                                     United States Magistrate Judge